IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**LATASHA RELIFORD,**

    **Plaintiff,**

**CASE NUMBER:** 04-CA-10813

**DIVISION:**

v.

**CITY OF TAMPA HOUSING AUTHORITY,
AND RAY SNELL**

    **Defendants.**

_____/

# AMENDED COMPLAINT

**COMES NOW Plaintiff LATASHA RELIFORD**, by and through undersigned attorney, and sues the **Defendants CITY OF TAMPA HOUSING AUTHORITY AND RAY SNELL**, and in support thereof alleges:

1. That this is an action for damages in excess of Fifteen Thousand Dollars ($15,000) exclusive of interest and costs.

2. That **Plaintiff LATASHA RELIFORD** is a resident of the State of Florida residing in Tampa, Hillsborough County, Florida.

3. That **Defendant CITY OF TAMPA HOUSING AUTHORITY** is an administrative agency of the City of Tampa, a political agency of the State of Florida.

4. That **Defendant RAY SNELL** at all times relevant and material hereto

1

was an employee of **Defendant CITY OF TAMPA HOUSING AUTHORITY**.

5. That on or about December 4, 2002 **Defendant RAY SNELL**, in the course and scope of his employment with **Defendant CITY OF TAMPA HOUSING AUTHORITY**, did make a false and defamatory statement about **Plaintiff LATASHA RELIFORD**, to wit: "**Plaintiff LATASHA RELIFORD** and Terrance Grant had AIDS (Acquired Immune Deficiency Syndrome) and that other employees should not associate with them."

6. That **Defendant RAY SNELL** in the course and scope of his employment, made the statement to the co-workers of **Plaintiff LATASHA RELIFORD.**

7. That **Defendant RAY SNELL**, in the course and scope of his employment made the defamatory statement in bad faith and/or with malicious intent.

8. The supervisors and heads of the department of **Defendant CITY OF TAMPA HOUSING AUTHORITY** knew about the conduct of **Defendant RAY SNELL** yet approved the conduct without serious question.

9. That **Defendant CITY OF TAMPA HOUSING AUTHORITY** is vicariously liable for the conduct of **Defendant RAY SNELL** while in the course and scope of his employment.

10. That as a direct and proximate result of the conduct of **Defendant**

RAY SNELL, acting within the course and scope of his employment with **Defendant CITY OF TAMPA HOUSING AUTHORITY**, Plaintiff **LATASHA RELIFORD** has suffered injury and damages.

## COUNT I

## LIABLE AND SLANDER

11. **Plaintiff LATASHA RELIFORD** realleges the allegations of paragraphs 1 through 10 above as if set forth fully herein.

12. This is an action for Liable and Slander.

13. The **Defendant RAY SNELL**, with the knowledge and consent, of the supervisors and superiors of **Defendant CITY OF TAMPA HOUSING AUTHORITY** did make false and defamatory statements about **Plaintiff LATASHA RELIFORD**.

14. **Defendant RAY SNELL**, with the knowledge and consent of the supervisors and superiors at **Defendant CITY OF TAMPA HOUSING AUTHORITY**, did publish the false statement over public radio and otherwise to third parties.

15. **Defendant RAY SNELL**, with the knowledge and consent of the supervisors and superiors at **Defendant CITY OF TAMPA HOUSING AUTHORITY**, made the defamatory statements with the request intent either through gross negligence or malicious intent.

16. That as a direct consequent of the false statement **Plaintiff LATASHA RELIFORD** has suffered damages.

**WHEREFORE, Plaintiff LATASHA RELIFORD** prays that this court enter judgement against **Defendants CITY OF TAMPA HOUSING AUTHORITY AND RAY SNELL.**

# COUNT II

# CIVIL RIGHTS VIOLATIONS

17. **Plaintiff LATASHA RELIFORD** realleges the allegations of paragraphs 1 through 10 above as if set forth fully herein.

18. This is an action for Civil Rights Violations pursuant to 42 U. S. C § 1983.

19. That at all times relevant and material hereto **Defendants CITY OF TAMPA HOUSING AUTHORITY AND RAY SNELL** were state actors acting under color of state law.

20. That the conduct of **Defendants CITY OF TAMPA HOUSING AUTHORITY AND RAY SNELL** violated **Plaintiff's LATASHA RELIFORD** First Amendment Rights, and Fourteenth Amendment Rights to due process.

21. That **Plaintiff LATASHA RELIFORD** filed grievance but such did not address the harm and injury done to **Plaintiff LATASHA RELIFORD.**

22. That **Plaintiff LATASHA RELIFORD** exhausted her administrative procedure rights.

23. That as a direct and proximate result of the conduct of **Defendants CITY OF TAMPA HOUSING AUTHORITY AND RAY SNELL, Plaintiff LATASHA RELIFORD** has suffered injury and damages.

## **DEMAND FOR JURY TRIAL**

**Plaintiff LATASHA RELIFORD** demands a trial by jury on all issues so triable.

_____
NATHANIEL W. TINDALL, II
The Law Office of Nathaniel W. Tindall, II
205 West Dr. M.L. King, Jr., Boulevard
Suite 103
Tampa, Florida 33603
Telephone Number: 813/237-3560
Florida Bar Number: 176524

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished *VIA U.S. MAIL* to **PATRICK H. GONYEA, ESQUIRE,** Vernis & Bowling of Miami, P.A., 1680 Ne 135th Street, North Miami, Florida 33181 and **RAY M. SNELL, SR.,** 10306 Councils Way, Tampa, Florida 33617 this 4TH day of November, 2005.

NATHANIEL W. TINDALL, II