**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION**

LATASHA RELIFORD,

    Plaintiff,

v.                                      CASE NO.  8:05-CIV-2154-T-17-MSS

CITY OF TAMPA, et al.,

    Defendants.
_____/

**ORDER ON MOTIONS**

      This cause is before the Court on Defendant's motion to dismiss amended complaint (Docket No. 7), Plaintiff's motion for leave to file second amended complaint (Docket No. 8), and response to motion to amend (Docket No. 9).

**BACKGROUND**

      This case was removed from state court after the plaintiff file an amended complaint. The amended complaint names as defendants the City of Tampa Housing Authority and Ray Snell. The plaintiff alleges that Ray Snell "in the course and scope of his employment" made false an defamatory statement about the plaintiff, with bad faith and/or malicious intent, to her co-workers and that the City of Tampa Housing Authority (the Housing Authority) was vicariously liable for the Mr. Snell's conduct. The amended complaint contained two counts: Count I- Liable (sic) and Slander and Count II-Civil Rights Violation pursuant to 42 U.S.C. § 1983.

      After the removal, the defendants filed a motion to dismiss the amended complaint based

CASE NO. 8:05-CIV-2154-T-17-MSS

on immunity arguments. Instead of responding to the motion to dismiss, the plaintiff filed a motion for leave to file a second amended complaint and attached a copy of the proposed amended complaint.

The proposed second amended complaint (proposed complaint) drops the Housing Authority as a defendant and attempts to add as defendants Jerome Ryans, Wence H. Cunningham, and Debra Fountain, who are alleged to be employees of the Housing Authority. The proposed complaint would sue the four defendants in their individual capacities. The proposed complaint realleges that Mr. Snell made a false and defamatory statement as to the plaintiff but now accuses Debra Fountain of the same conduct.[1] Further, the proposed complaint alleges that Jerome Ryans and Wence H. Cunningham became aware of the conduct of Snell and Fountain and approved the conduct through silence and inaction. The damages are alleged in paragraphs 11 through 13 (page 3) and state:

> 11. That Defendants JEROME RYANS, WENCE H. CUNNINGHAM, DEBRA FOUNTAIN AND RAY SNELL, each and every one of them individually and collectively created a hostile environment that caused Plaintiff LATASHA RELIFORD to be the object of ridicule and scorn.
>
> 12. That Plaintiff LATASHA RELIFORD became the object of public. (sic)
>
> 13. That as a result of the false accusation, Plaintiff LATASHA RELIFORD has been humiliated, embarrassed and eventually was force (sic) to leave her employment with the City of Tampa Housing Authority.

The proposed complaint would allege the following counts: Count I-Libel and Slander as to Ray Snell, Count II-Common Law Negligence as to all defendants, Count III-Intentional Infliction (sic) of Emotional Distress as to all defendants, and Count IV-Invasion of Privacy as to all defendants.

---

[1] The Court notes that the plaintiff states that there are exhibits to the second amended complaint attached, but no such exhibits are attached to the proposed second amended complaint.

2

CASE NO. 8:05-CIV-2154-T-17-MSS

## MOTION TO AMEND

Amendment should allowed when justice requires, Rule 15, Fed.R.Civ.P., and denial should be based on bad faith or dilatory motives, undue or unexplained delay, repeated failures to cure deficiencies, or futility of amendment. **Bryant v. Dupree**, 252 F.3d 1161, 1163 (11th Cir. 2001).

The defendants, City of Tampa Housing Authority and Ray Snell; filed a response to the motion for leave to amend. The defendants first ask the Court to deny the proposed amendment to Count I-Libel and Slander because the plaintiff has demonstrated bad faith in her continued pursuit of that claim. The defendants assert that the plaintiff's previous complaints consistently alleged that the defamatory statements were made in the course and scope of his employment; whereas the proposed complaint contradicts the previous assertions of the plaintiff and alleges that the defamatory statements were "totally irrelevant to their [all defendants] job performances, and the operation of a public agency." (paragraph 22, page 5). Therefore, the defendants ask this Court to find that the proposed amendment to Count I is made in bad faith. The Court agrees with the defendants. The proposed amendment is a transparent attempt to get around the immunity problem raised by the motion to dismiss. The Court finds the proposed amendment to Count I is made in bad faith and should not be granted.

The defendants next request that the Court deny the proposed amendments to add Count II-Common Law Negligence as to all defendants, Count III-Intentional Infliction of Emotional Distress as to all defendants, and Count IV-Invasion of Privacy as to all defendants because they fail to state a claim upon which relief can be granted. The Court agrees with the defendants' assessment of these claims and adopts their arguments by reference herein. The motion to amend will be denied.

CASE NO. 8:05-CIV-2154-T-17-MSS

## **MOTION TO DISMISS**

A district court should not dismiss a complaint unless it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. See Blumer v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a motion to dismiss, the court may only examine the four corners of the complaint. See Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla. 1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

In addition, a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Howery v. Nisus, Inc., 910 F.Supp. 576 (M.D. Fla. 1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

The defendants move to dismiss Count I of the amended complaint because under Florida law public employees are absolutely immune from defamation claims based on communications made within the course and scope of employment. The Court finds this argument well-taken and dismisses Count I of the complaint due to Mr. Snell's absolute immunity as to the defamation claim.

CASE NO. 8:05-CIV-2154-T-17-MSS

Lastly, defendants seek to have Count II of the amended complaint dismissed because qualified immunity bars the claims against Mr. Snell and respondeat superior liability against the Housing Authority is not supported. Again, the Court agrees with the defendant's arguments on this issue and cites it with approval herein. Accordingly, it is

**ORDERED** that the plaintiff's motion for leave to file second amended complaint (Docket No. 9) be **denied**; the defendants' motion to dismiss (Docket No. 7) be **granted with prejudice**; and the Clerk of Court is directed to close this case and terminate all pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record